## SUPREME COURT—IN BANCO.

## JANUARY TERM—1877.

*Allen, Ch. J., Harris and Judd, J. J.*

THE OWNERS OF THE WAIHEE PLANTATION *vs.* KALAPU.

A LABOR contract cannot be enforced against the servant by and in the name of the "owners" of a plantation, they being all different parties from the "owners" with whom the servant contracted.

This is a statutory action to enforce a contract for service, brought up by appeal from the District Court of Wailuku to the Circuit Court of the Second Judicial Circuit; the jury waived, and the case transferred by consent to the Supreme Court in Banco.

It appears from the papers and admissions filed that this contract was made on the 19th of January, 1876, by which the defendant agrees to work for the term of thirty-four months for the "Owners of the Waihee Plantation," then being Messrs. Charles C. Harris and Hermann A. Widemann; that on the 15th day of August, A. D. 1876, Mr. Harris sold his interest to Mr. Widemann, who then became the owner of the entire plantation. This was a dissolution of the partnership. 1 Parson's Contract, page 130.

Section 1424 of the Civil Code enacts "that where the servant is bound by any company of individuals, the death of any one partner or the change of partners in such company, shall not operate to release such servant from the terms of his contract."

This we take to mean that whatever changes may take place in the original firm employing the laborer, the contract continues to be binding so long as one of the original mem-

bers remains in the firm, to whom the laborer can look for the payment of his wages, for directions as to his labor, and for humane treatment, all of which were the considerations which induced him to enter into the contract.

The term "the owners of the Waihee Plantation" in this contract is no more than the title, by which this co-partnership was known; that is, it is the firm-name under which this enterprise was conducted. It cannot be claimed that the defendant by the form of his agreement, contracted to work for whomsoever might become the owners of the Waihee Plantation, for then there would be no individuals ascertained to whom the service was owing, or in case of a change of ownership, these individuals would be ascertained independently of the servant's will.

On the 20th of September 1876, Mr. Widemann sold the Waihee Sugar Plantation to James Makee and John D. Spreckles, but reserved a certain share in the proceeds of the plantation as stated in an indenture cotemporaneously executed. By this indenture the purchasers of the plantation agree that Mr. Widemann shall receive during the term of two years, three fourths of one per cent. of all the gross proceeds of the crops on the Waihee Plantation, in consideration of a reduction made by him in the agreed price of the plantation, and in the further consideration that Mr. Widemann employ and retain the laborers then employed on the plantation under labor contracts, and Mr. Widemann at the same time gave Mr. Makee a power of attorney to manage the labor in his name.

Story defines a co-partnership to be "a voluntary contract between two or more competent persons to place their money, effects, labor and skill, or some or all of them, in lawful commerce or business, with the understanding that there shall be a communion of profits between them."

Lindley on co-partnership, section 12, says : "An agreement to share profits and losses, may be said to be the type

of a partnership contract;" and again: "Although it has already been pointed out, that to share profits is *prima facie* an agreement for a co-partnership, yet it is conceived rightly that a partnership is not the result of an agreement to share gross returns." 1 Lindley on partnership, 77.

Tested by this definition, Mr. Widemann is not a partner, for he does not share in either the profits or the losses of the plantation, but in its gross proceeds.

This indenture contains a condition that the percentage to be paid Mr. Widemann shall cease upon any sale of the plantation. This would militate against the idea that the payment of the percentage was upon any valid consideration except the one last stated, i. e. the employment of the laborers by Mr. Widemann under their contracts, and by itself, would be nothing more than the agreement between Widemann on the one part and Makee and Spreckles on the other part, by which Widemann in consideration of this percentage was to retain and employ the contracted laborers on the plantation of Makee and Spreckles.

Now the plaintiff can only have the right to enforce the personal services of the defendant by virtue of the Master and Servant Act, subject to provisions of which this contract was made.

When Mr. Harris left the partnership Mr. Widemann being the remaining partner had the right to compel the service of the respondent by the 1424 Section of the Civil Code, which controls the whole matter. And if he has taken Messrs. Makee and Spreckles into partnership, then the partnership thus formed would have a right to compel the service : so that the question rises whether this is a change in the partnership, which is provided for by the law, or a mere attempt to assign the contract, which in itself, is unassignable.

Now it is clear that Widemann had conveyed the absolute interest in the estate, and had nothing more to convey : he would have to pay no share of its losses, and he would enjoy

no share of its profits.   The clear averment is that he would have three quarters of one per cent. of its gross proceeds, not of its net proceeds, as part payment of the price for which he sold, thus averring a sale of the whole estate.   He has no voice in the management of the estate or' even in its sale, if Messrs. Makee and Spreckles shall see fit to sell it.   He is in no respect an owner of this plantation in which title this action is brought.   Messrs. Spreckles and Makee are the sole owners of that plantation and they are not the owners with whom this man contracted.

Judgment for defendant.

A. S. Hartwell for plaintiffs.

E. Preston for defendant.

Honolulu, January 30th, 1877.